95 F.3d 1158
 78 A.F.T.R.2d 96-6196, 96-2 USTC P 50,496
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian J. O'SULLIVAN; Leslie O'Sullivan, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 95-70119.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1996.
Decided Aug. 13, 1996.
 
 Before: REINHARDT, HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The O'Sullivans appeal from a decision of the United States Tax Court that certain of their debts failed to qualify as bad business debts under 26 U.S.C. § 166 for the calendar year 1984. We affirm.
 
 
 3
 * The O'Sullivans argue that the Tax Court erred in characterizing Brian O'Sullivan's financial losses as ordinary short-term capital losses. They contend that Brian O'Sullivan's motivation in giving his personal guaranty to Coram's loans was principally to protect his salary as an employee of Coram. This argument fails. The taxpayer's motivation is a question of fact, which we review for clear error. Hunsaker v. Commissioner, 615 F.2d 1253, 1258; Anderson v. United States, 555 F.2d 236, 236-37 (9th Cir.1977). We find no error whatever in the reasoning of the Tax Court, and affirm this issue on the basis of the Tax Court's opinion.
 
 II
 
 4
 The O'Sullivans argue that the Tax Court erred in ruling that a settlement between themselves and the IRS for 1986 and 1987 estops the Commissioner from opposing their position in this case for the year 1984. First, it is not clear to us that the O'Sullivans have brought this issue properly before us. In the Tax Court, they argued a theory of collateral estoppel. On appeal, they argued judicial estoppel in their opening brief, but resurrected the collateral estoppel theory in their reply brief. We need not address the question of judicial estoppel if it was not raised below, nor need we address collateral estoppel which did not appear in the O'Sullivans' opening brief. Lopez v. Dean Whitter Reynolds, Inc., 805 F.2d 880, 882 n. 4 (9th Cir.1986). Even if we were to speak to the merits, however, both estoppel arguments would fail. The issues presented in 1986 were not the same as those in 1984: the present dispute does not center on the tax treatment of the Arbutus wind turbine project. We find neither error of law nor abuse of discretion in the Tax Court's decision on the estoppel issues.
 
 III
 
 5
 The O'Sullivans claim that there has been an offer of settlement and an acceptance in this case which precludes the Government from pursuing this issue for the year 1984. We do not find a settlement in any of the correspondence between the IRS and the O'Sullivans, only a proposed decision document which does not conform to the formalities required to execute binding settlements. See 26 U.S.C. §§ 7121, 7122. Furthermore, even if the document sent to the O'Sullivans were to constitute a formal settlement offer, the record does not establish that both the O'Sullivans ever executed the agreement. The O'Sullivans testified that they did so, and the IRS testified that it never received their responses. However, it is clear that the Government never executed such an agreement, as is required, and no such document was filed with the Tax Court. The Government is not bound by any such proposed settlement, even assuming that one existed.
 
 IV
 
 6
 The decision of the Tax Court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3